1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  ANTHONY LEHR, et al.,              No. 2:07-cv-01565-MCE-GGH

12          Plaintiffs,

13      v.                             <u>MEMORANDUM AND ORDER</u>

14  CITY OF SACRAMENTO, et al.,

15          Defendants.

16

17                       ----oo0oo----

18

19      Presently before the Court is a Motion for Summary Judgment,

20  or, alternatively, Summary Adjudication, of Plaintiffs' third

21  cause of action, which arises under the Fourteenth Amendment to

22  the United States Constitution.  For the following reasons, that

23  Motion is granted in part and denied in part.[1]

24  ///

25  ///

26

_____

27      [1] Because oral argument will not be of material assistance,
    the Court ordered this matter submitted on the briefing.  E.D.
28  Cal. Local Rule 78-230(h).

                              1

1

**STANDARD**

2

3     The Federal Rules of Civil Procedure provide for summary
4 judgment when "the pleadings, depositions, answers to
5 interrogatories, and admissions on file, together with
6 affidavits, if any, show that there is no genuine issue as to any
7 material fact and that the moving party is entitled to a judgment
8 as a matter of law." Fed. R. Civ. P. 56(c). One of the
9 principal purposes of Rule 56 is to dispose of factually
10 unsupported claims or defenses. Celotex Corp. v. Catrett, 477
11 U.S. 317, 323-324 (1986).
12     Rule 56 also allows a court to grant summary adjudication on
13 part of a claim or defense. See Fed. R. Civ. P. 56(a) ("A party
14 seeking to recover upon a claim ... may ... move ... for a
15 summary judgment in the party's favor upon all or any part
16 thereof."); see also Allstate Ins. Co. v. Madan, 889 F. Supp.
17 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter
18 Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).
19 The standard that applies to a motion for summary adjudication is
20 the same as that which applies to a motion for summary judgment.
21 See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F.
22 Supp. 2d. 1192, 1200 (S.D. Cal. 1998).
23          A party seeking summary judgment always bears the
            initial responsibility of informing the district court
24          of the basis for its motion, and identifying those
            portions of 'the pleadings, depositions, answers to
25          interrogatories, and admissions on file together with
            the affidavits, if any,' which it believes demonstrate
26          the absence of a genuine issue of material fact.
27 Celotex Corp. v. Catrett, 477 U.S. at 323(quoting Rule 56(c)).
28 If the moving party meets its initial responsibility, the burden

2

then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251 (quoting Schuylkill and Dauphin Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more that simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find

1   for the nonmoving party, there is no 'genuine issue for trial.'"
2   Matsushita, 475 U.S. at 586-87.

3        In resolving a summary judgment motion, the evidence of the
4   opposing party is to be believed, and all reasonable inferences
5   that may be drawn from the facts placed before the court must be
6   drawn in favor of the opposing party.  Anderson, 477 U.S. at 255.
7   Nevertheless, inferences are not drawn out of the air, and it is
8   the opposing party's obligation to produce a factual predicate
9   from which the inference may be drawn.  Richards v. Nielsen
10  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
11  aff'd, 810 F.2d 898 (9th Cir. 1987).

12
13                              **ANALYSIS**
14

15       Plaintiffs, numerous homeless individuals and several non-
16  profit entities, initiated this action on August 2, 2007, and
17  filed a First Amended Complaint ("FAC") on August 31, 2007.  By
18  way of their FAC, Plaintiffs sought relief from alleged ongoing
19  violations of the Eighth, Fourth, and Fourteenth Amendments to
20  the United States Constitution.  Plaintiffs specifically argued
21  that: 1) enforcement of the City's "anti-camping" ordinance
22  violated the Eighth Amendment's proscription against cruel and
23  unusual punishment; 2) pursuant to City policy, Defendants
24  illegally confiscated Plaintiffs' personal property in violation
25  of the Fourth and Fourteenth Amendments; and 3)Defendants
26  established and maintained "policies, practices and
27  conduct...intended and designed to single out homeless people"
28  that "had the purpose and effect of depriving homeless people of

                                    4

their property in the City and County of Sacramento," and that
were "based on Defendants' animus towards this disfavored group
and lack[ed] a rational relationship to any legitimate state
interest."

In a Memorandum and Order electronically filed on May 20,
2009, this Court granted in part and denied in part a Motion for
Summary Judgement filed by Defendants City of Sacramento, Police
Chief Albert Najera, and Officers Mike Cooper and Mark Zoulas,
(collectively "City Defendants") as to Plaintiffs' first two
causes of action.  Those same Defendants now seek Summary
Judgment, or, alternatively, Summary Adjudication of Plaintiffs'
third claim arguing that the entity Plaintiffs lack standing and
that the Sacramento ordinance prohibiting camping is rationally
related to legitimate government interests.[2]

In Opposition, Plaintiffs made clear that, based on the
Court's rulings in its prior Order (Docket No. 72), they do not
oppose Defendants' instant Motion as to the entity Defendants.
Likewise, Plaintiffs have abandoned any equal protection claim to
the extent premised upon Sacramento's camping proscription.
Accordingly, Defendants' instant Motion is granted in its
entirety as to the entity Defendants and as to all Plaintiffs to
the extent the Motion challenges claims premised on the anti-
camping ordinances.

---

[2] The Court is aware that City Defendants challenge whether
Plaintiffs properly pled their equal protection claim.
Defendants argue that Plaintiffs reference only two causes of
action in the introduction of the FAC.  However, at page 19 of
the Amended Complaint, Plaintiffs make it abundantly clear that
they intend to pursue three claims.  Accordingly, Defendants'
objections to the contrary are rejected.

1    Nevertheless, Plaintiffs also point out that their equal

2  protection claims were not limited to challenging Sacramento's

3  anti-camping law.  Rather, Plaintiffs contend that the permanent

4  deprivation of property City Defendants allegedly perpetrated in

5  this case also provides a basis for Plaintiffs' final claim.

6  According to Plaintiffs, the confiscation, and more importantly,

7  the subsequent destruction, of their property violates their

8  constitutional rights.  However, Plaintiffs appear presently to

9  pursue this alternative instant claim only on behalf of Plaintiff

10  Hopson and the putative class members.[3]  Thus, City Defendants'

11  Motion is granted as to all Plaintiffs except Plaintiff Hopson,

12  whose claim the Court will now analyze.

13    "The Equal Protection Clause of the Fourteenth Amendment, §

14  1, commands that no State shall 'deny to any person within its

15  jurisdiction the equal protection of the laws.'  Of course, most

16  laws differentiate in some fashion between classes of persons.

17  The Equal Protection Clause does not forbid classifications.  It

18  simply keeps governmental decisionmakers from treating

19  differently persons who are in all relevant respects alike."

20  Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

21    "'The first step in equal protection analysis is to identify

22  the [defendants'] classification of groups.'"  Lazy Y Ranch Ltd.

23  v. Behrens, 546 F.3d 580, 589 (9th Cir. 2008), quoting Country

24  Classic Dairies, Inc. v. State of Montana, Dep't of Commerce Milk

25  Control Bureau, 847 F.2d 593, 596 (9th Cir. 1988).  "'To

26

27    [3] Even if Plaintiffs did purport to assert equal protection
   claims on behalf of each named Plaintiff, for the reasons stated
28  in the Court's previous Order, only Plaintiff Hopson has standing
   to bring the instant claim.

accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people.'"  Id., quoting <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1187 (9th Cir. 1995).

The classification in this case allegedly turns on Plaintiff Hopson's homeless status.  According to Plaintiff Hopson, City Defendants routinely confiscate and destroy the property of homeless individuals, but fail to take the same action regarding the property of persons thought to have homes.  Plaintiff Hopson also contends that, while the typical policy of City Defendants is to store property in order to locate the rightful owner, that policy does not apply to the confiscation of property from the homeless.  <u>See</u>, e.g., Declaration of Mark E. Merin, Exh. K, 33:10-34:22, 34:16-26:15.  To the contrary, Plaintiff Hopson contends that the property of homeless individuals is instead thrown away.  <u>See id.</u>, Exh. E, 20:12-21:11.  Accordingly, Plaintiff Hopson has created a triable issue of fact as to whether implementation of City Defendants' challenged policies turns on the homeless status of the property owner.

Based on the above classification, City Defendants argue, and Plaintiffs appear to concede, that rational basis review is appropriate here.  "As a general rule, 'legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality.' Accordingly, [United States Supreme Court] cases are clear that, unless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic,

the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." <u>Nordlinger</u>, 505 U.S. at 10, quoting <u>McGowan v. Maryland</u>, 366 U.S. 420, 425-426 (1961). Nevertheless, "[t]he State may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." <u>City of Cleburne, Tex. v. Cleburne Living Center</u>, 473 U.S. 432, 446 (1985).

The question actually before this Court, then, is whether the City's alleged policy of destroying the property of homeless individuals, while storing property thought to belong to others, is rationally related to some legitimate government interest. According to City Defendants "the City of Sacramento clearly has multiple, strong public interests in limiting the storage of camping items on public and private property and the accumulation of refuse, garbage and human waste left by homeless individuals. These strong public interests include health and safety. Clearly, the removal of camping equipment from public or private property pursuant to the City's anti-camping ordinances is rationally related to these important health and safety issues." Reply, 5:13-18. However, Plaintiff Hopson argues, "Defendants have cited no facts which demonstrate that there is a rational relationship between the City's legitimate interests in maintaining parks and streets and the destruction, as opposed to storage, of the property of homeless persons. Nor could they do so. Since the City's objective is to *remove* the property from the locations where it has been stored by homeless persons, this objective can be met by simply following the established

8

1  procedures for preservation of found or abandoned property,

2  rather than its immediate destruction." Opposition, 2:13-19

3  (emphasis in original).

4       This Court agrees with Plaintiff Hopson. City Defendants

5  have failed to point to any rationale, let alone a legitimate

6  one, justifying the destruction of property on the basis that it

7  was confiscated from homeless individuals. See Lazy Y Ranch, 546

8  F.3d at 589 (noting Defendants' argument was flawed for a failure

9  to provide a rational basis for their challenged classification).

10 Accordingly, City Defendants' instant Motion is denied as to

11 Plaintiff Hopson's third cause of action to the extent it is

12 based on the theory that City Defendants unconstitutionally

13 confiscated and destroyed her personal property.

14

15                              **CONCLUSION**

16      For the reasons just stated, Defendants Motion (Docket No.

17 66) is GRANTED as to Plaintiffs' third cause of action, to the

18 extent premised on Sacramento's "anti-camping" ordinance. To the

19 extent Plaintiff's third cause of action is premised on claims

20 that City Defendants confiscated and destroyed their property,

21 City Defendants' Motion is DENIED as to Plaintiff Hopson and

22 GRANTED as to all other Plaintiffs.

23      IT IS SO ORDERED.

24  Dated: June 11, 2009

25

26 _____

27 MORRISON C. ENGLAND, JR.

   UNITED STATES DISTRICT JUDGE

28

                              9