UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY LEHR, et al.,                    No. 2:07-cv-01565-MCE-GGH

       Plaintiffs,

   v.                                    MEMORANDUM AND ORDER

CITY OF SACRAMENTO, et al.,

       Defendants.

----oo0oo----

Presently before the Court is Plaintiffs' Motion to Certify Class.  For the following reasons, Plaintiffs' Motion is GRANTED.

**BACKGROUND**

Plaintiffs, numerous homeless individuals and several non-profit entities, initiated this action on August 2, 2007, and filed a First Amended Complaint ("FAC") on August 31, 2007.  By way of their FAC, Plaintiffs sought relief from alleged ongoing violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

1

Plaintiffs specifically argued that: 1) enforcement of the City's "anti-camping" ordinance violated the Eighth Amendment's proscription against cruel and unusual punishment; 2) pursuant to City policy, Defendants illegally confiscated Plaintiffs' personal property in violation of the Fourth and Fourteenth Amendments; and 3) Defendants established and maintained "policies, practices and conduct...intended and designed to single out homeless people" that "had the purpose and effect of depriving homeless people of their property in the City and County of Sacramento," and that were "based on Defendants' animus towards this disfavored group and lack[ed] a rational relationship to any legitimate state interest."

Defendant City of Sacramento (hereafter "Defendant" or "City") subsequently filed two Motions for Summary Judgment which were granted in part and denied in part. Accordingly, only one named Plaintiff, Connie Hopson, remains with claims against the City. Relevant to the instant Motion is her second claim, by which she alleges Defendant's policies and practices of property confiscation and destruction deprived her, and the putative class members she seeks to represent, of their Fourth and Fourteenth Amendment rights. As to that claim, Plaintiff seeks to certify a class comprised of:

> All persons in the City of Sacramento...who were, or are, or will be homeless at any time after August 2, 2005, and whose personal belongings have been taken and destroyed, or will be taken and destroyed, by one or more of the defendants.

In light of the fact that only one named Plaintiff alleges any wrongdoing by the City, Defendant opposes Plaintiffs' instant putative class as lacking the requisite numerosity.

For the following reasons, the City's arguments are rejected and Plaintiffs' Motion is granted.

**STANDARD**

A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and that at least one of the requirements of Federal Rule of Civil Procedure 23(b) have been met.  See Fed. R. Civ. P. 23; see also Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996).  Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. *Id.* at 1233.  While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23.  Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001).

Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  See Fed. R. Civ. P. 23(a).

///

///

///

Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication.  See Fed. R. Civ. P. 23(b).

**ANALYSIS**

1.   **The Putative Classes Meet the Requirements of Rule 23(a)**

The numerosity requirement of Rule 23(a)(1) is established if "the class is so numerous that joinder of all members is impracticable."  The geographical disbursement of class members outside of one district increases the impracticability of joinder, and "when the class is large, numbers alone are dispositive."  Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986).  At the same time, courts have been inclined to certify classes of fairly modest size.  See, e.g., Jordan v. Los Angeles County, 669 F.2d 1311, 1319 (9th Cir. 1982) (willing to find numerosity for classes with thirty-nine, sixty-four, and seventy-one people), vacated on other grounds, 459 U.S. 810 (1982).

///
///
///
///
///

4

1    The only basis for Defendant's instant opposition is the

2  alleged lack of numerosity of the proposed class.  Defendant

3  contends that "[p]rior to filing the complaint, plaintiffs'

4  attorneys presumably contacted some or all of the hundreds of

5  homeless individuals in the City and County to ascertain if any

6  had their personal property taken by employees of either the City

7  or County of Sacramento and could be included as named plaintiffs

8  in this lawsuit.  Of all these hundreds of homeless individuals

9  Plaintiffs' attorneys presumably contacted prior to filing the

10  complaint, Ms. Hopson turned out to be the only homeless

11  individual with a viable claim that her property was allegedly

12  taken by employees of the City."  Opposition, 2:15-21.  Thus,

13  according to Defendant, Plaintiffs have fatally failed to provide

14  a reasonable estimate of the number of putative class members.

15    Defendant further argues that the numerosity requirements

16  are typically not satisfied unless the class is comprised of at

17  least twenty-one individuals.  Consequently, Defendant contends

18  that even "a total of five proposed class members...[is] clearly

19  not sufficiently numerous as a matter of law to warrant

20  certification of a class action based on the second claim."[1]

21  Opposition, 6:8-12.  Defendant's argument misapprehends the

22  purpose of a class action.

23  ///

24

25    [1] Defendant reaches the number five by adding Plaintiff
26  Hopson to four other individuals whose declarations Plaintiffs
    submitted in support of the instant Motion.  The Court is
    cognizant of Defendant's evidentiary objections of these
27  declarations.  However, resolution of that dispute in the context
    of the instant Motion is unnecessary as the Court did not rely on
28  that evidence in reaching its decision.

1    Defendant is correct that Plaintiffs cannot rely on mere
2  speculation to establish the size of its putative class.  Kincaid
3  v. City of Fresno, 244 F.R.D. 597, 601 (E.D. Cal. 2007).
4  However, neither are Plaintiffs required to name every potential
5  class member as a named Plaintiff.  J.T. Ikonen v. Hartz Mountain
6  Corp., 122 F.R.D. 258, 261-262 (S.D. Cal. 1988).  Such a
7  requirement would defeat the purpose of class litigation.

8    Nevertheless, Defendant's own conclusion that the fact
9  Plaintiffs' counsel has produced only a single named Plaintiff in
10 this instant action indicates no other putative class members
11 exist is itself based on rank speculation.  There are numerous
12 reasons a person who is forced to engage in a daily hunt for
13 shelter and other basics may not be willing or able to commit to
14 litigating a federal class action and may be wary of signing a
15 declaration in such an action against the City.  Defendant's
16 arguments to the contrary are unpersuasive, and the Court finds
17 the evidence before it sufficient to establish numerosity.

18   First, in opposition to Defendant's original Motion for
19 Summary Judgment, Plaintiffs produced evidence showing that
20 between 1200 and 2200 persons are homeless and without shelter in
21 Sacramento on any given night.  Plaintiff Hopson also stated in a
22 declaration that she had witnessed her confiscated property being
23 commingled with that of other homeless individuals.  Moreover,
24 City police officers admitted to posting notices warning homeless
25 individuals that their property would be considered abandoned and
26 disposed of if not removed from various sites.
27 ///
28 ///

1 Additionally, Plaintiffs provided the declaration of at least one

2 other individual who had on multiple occasions witnessed mass

3 property destruction at the hands of the City.  Finally, at least

4 one representative of the original entity Plaintiffs testified to

5 receiving numerous warnings from City police officers that

6 Defendant intended to conduct clean-ups of various homeless camps

7 and that those entities consequently experienced an increased

8 demand for personal items.  Accordingly, Plaintiffs have

9 adequately shown for purposes of the instant Motion that well in

10 excess of one-thousand individuals likely comprise the putative

11 class.

12      The Court need not stretch its imagination to conclude the

13 putative class members in this action are transitory and

14 difficult to locate.  Furthermore, the instant class members must

15 necessarily focus their time and efforts on survival, rather than

16 on pursuing what has been, in this instance, highly adversarial

17 litigation.  Indeed, it is of no small import that members of the

18 putative class lack permanent residences, consistent contact

19 information, and access to any material resources, each of which

20 increases the impracticability of joining all class members.

21 Thus, this Court finds Plaintiffs' proposed class meets the

22 numerosity requirements of Rule 23(a)(1).

23      Next, under Rule 23(a)(2), commonality is established if

24 "there are questions of law or fact common to the class."  This

25 requirement is construed permissively and can be satisfied upon a

26 finding of "shared legal issues with divergent factual

27 predicates...."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019

28 (9th Cir. 1998).

There is no question that the instant case presents common legal issues as to whether the City has taken and destroyed the property of homeless individuals.  Thus, commonality exists because the evidentiary and legal arguments necessary to prosecute the instant claims are nearly identical as to all class members.

Additionally, typicality under Rule 23(a)(3) is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Typicality does not require the claims to be identical. <u>Hanlon</u>, 150 F.3d at 1020. Rather, the Ninth Circuit has found typicality if the requisite claims "'share a common issue of law or fact' ... and are 'sufficiently parallel to insure a vigorous and full presentation of all claims for relief.'" <u>Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.</u>, 917 F.2d 1171, 1175 (9th Cir. 1990) (citations omitted), <u>amended</u>, 937 F.2d 465 (9th Cir. 1991).  As alluded to above, the representative plaintiffs in the present matter assert the same claims that could be brought by any of the other class members for violation of the Fourth and Fourteenth Amendments.  Though each individual claim may differ slightly, those differences do not preclude a finding of typicality.

The last requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  In Hanlon, the Ninth Circuit identified two issues for determining the adequacy of representation: (1) whether the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) whether the named plaintiffs and their counsel will "prosecute the action vigorously on behalf of the class."

8

150 F.3d at 1020.  This court is entirely satisfied that the Plaintiff class is adequately represented by counsel.  Moreover, the Court knows of no conflict that weighs against certification. Therefore, Plaintiffs have satisfied the Rule 23(a)(4) requirement for adequacy of representation.

Based on the foregoing discussion, Plaintiffs have established the class action prerequisites under Rule 23(a). Accordingly, the next issue to be addressed is whether class certification, for purposes of preliminary approval of the Settlement Agreement, is proper under Rule 23(b).

**2.   The Putative Classes Meet the Requirements of Rule 23(b)**

Certification is proper under Rule 23(b)(3).  Rule 23(b)(3) permits class certification when (1) common questions of law and fact predominate over any individual claims and (2) a class action is the superior method to fairly and efficiently adjudicate the matter.

Under the Rule 23(b)(3) predominance analysis, the Court must determine whether the proposed class is "'sufficiently cohesive to warrant adjudication by representation.'"  Hanlon, 150 F.3d at 1022, citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997).  The requirement is satisfied if a plaintiff establishes that a "common nucleus of facts and potential legal remedies dominates" the litigation.  Id.  The "common nucleus of facts" in the present case derives from the alleged unconstitutionality of City policies concerning the confiscation and destruction of the personal property belonging to homeless persons.

1  The factual underpinnings underlying each Plaintiff's potential
2  claims is nearly identical and, despite any minor differences,
3  those common issues prevail.  See Blackie v. Barrack, 524 F.2d
4  891, 905 (9th Cir. 1975).  Class certification in this case,
5  where common issues predominate, serves the judicial economy
6  function of Rule 23 class actions.  Valentino, 97 F.3d at 1234.

7      Plaintiffs must also establish that the proposed class
8  action is the superior method of resolving the dispute in
9  comparison to available alternatives.  "A class action is the
10 superior method for managing litigation if no realistic
11 alternative exists."  Id. at 1234-35.  The Ninth Circuit has
12 recognized that a class action is a plaintiff's only realistic
13 method for recovery if there are multiple claims against the same
14 defendant for relatively small sums.  Local Joint Executive Bd.
15 Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d
16 1152, 1163 (9th Cir. 2001).  Accordingly, because the crux of
17 each plaintiff's sought-after relief is equitable in nature, and
18 because Plaintiffs lack any means to feasibly prosecute
19 individual actions, a class action is the superior method to
20 resolve this case.

21     The same conclusion is reached after consideration of the
22 superiority factors set forth by Rule 23(b)(3).  First, because
23 it is likely that each individual class member could only pursue
24 relatively small claims, and because they lack the resources to
25 do so, "class members have no particular interest in individually
26 controlling the prosecution of separate actions."
27 ///
28 ///

1  Rule 23(b)(3)(A); see also Zinser v. Accufix Research Inst.,

2  Inc., 253 F.3d 1180, 1190 (9th Cir. 1991) ("Where damages

3  suffered by each putative class member are not large, this factor

4  weighs in favor of certifying a class action.").  When the

5  individual claims of class members are small, the class action

6  "facilitates the spreading of the litigation costs among the

7  numerous injured parties" and encourages recovery for unlawful

8  activity.  See In re Warfarin Sodium Antitrust Litig., 391 F.3d

9  516, 534 (3rd Cir. 2004).  Additionally, in the instant action,

10 the class members have the option to "opt-out" of the proposed

11 settlement, thus allowing individuals the opportunity to control

12 the litigation.  Id.

13     The second relevant factor under Rule 23(b)(3) is whether,

14 and to what extent, other class members have begun litigation

15 concerning the controversy.  Rule 23(b)(3)(B).  This factor

16 counsels against certification if, despite the class action, a

17 multiplicity of suits will continue through judicial proceedings.

18 Zinser, 253 F.3d at 1191 (citing to 7A Charles Alan Wright,

19 Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure

20 § 1780 at 568-70 (2d ed. 1986)).  Neither the parties nor the

21 court are aware of any other similar suit raising similar issues.

22 Accordingly, the Rule 23(b)(3)(B) concern regarding the

23 multiplicity of litigation does not weigh against certification.

24 ///

25 ///

26 ///

27 ///

28 ///

11

Under Rule 23(b)(3)(C), the Court may also consider "the desirability or undesirability of concentrating the litigation of the claims in a particular forum."  There appears to be no reason why concentrating the litigation in this Court would be undesirable considering the presence of both Plaintiffs and Defendant within the forum.

Lastly, under Rule 23(b)(3)(D), the Court may consider "likely difficulties in managing a class action."  In this case, the overwhelming benefits that inhere in litigating this matter as a class action outweigh any difficulties that might arise in the management of the litigation.

**CONCLUSION**

For the reasons stated, Plaintiffs' Motion to Certify Class (Docket No. 20) is GRANTED.

IT IS SO ORDERED.

Dated: August 21, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE