UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEHR; CONNIE HOPSON; FLOYD HOPWOOD; MICHAEL TINIUS; JACKI FITZGERALD; JEREMY MCENTYRE; TAMMY JONES; MICHAEL MOORE; LINDSEY ALESSO; VALERIE DUFOUR; RONALD HICKS; LOAVES & FISHES, a California non-profit organization; SACRAMENTO HOMELESS ORGANIZING COMMITTEE "SHOC", an unincorporated association of homeless and formerly homeless persons; FRANCIS HOUSE, a California non-profit organization; and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO; CITY OF SACRAMENTO POLICE CHIEF ALBERT NAJERA, in his individual and official capacity; CITY OF SACRAMENTO POLICE OFFICER MIKE COOPER, in his individual and official capacity; CITY OF SACRAMENTO POLICE OFFICER MARK ZOULAS, in his individual and official capacity; CITY OF SACRAMENTO POLICE OFFICERS DOES 1 THROUGH 20; SACRAMENTO COUNTY; SACRAMENTO COUNTY SHERIFF JOHN MCGINNESS, in his individual and official capacity; SACRAMENTO COUNTY PARK RANGER ANDERSON, in his individual and official capacity; SACRAMENTO COUNTY PARK RANGER MCELHENY, in his individual and official capacity; SACRAMENTO COUNTY PARK RANGER BENNETT, in his individual and official capacity; SACRAMENTO COUNTY PARK RANGERS DOES 21 THROUGH 40; and ROES 1-20,<br><br>Defendants. | Case No.: 2:07-CV-01565 MCE GGH<br><br>**ORDER FOR PRELIMINARY APPROVAL OF PROVISIONAL SETTLEMENT CLASS AND SETTLEMENT OF CLASS ACTION**<br><br>**DATE**:   NOT SET<br>**TIME**:   NOT SET<br>**CTRM**:   7, 14th Floor<br>**JUDGE**:   Hon. Morrison C. England, Jr.<br><br>**COMPLAINT FILED:**   Aug. 2, 2007<br>**TRIAL DATE:**   Jan. 11, 2010 |

-1-

ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT

*Anthony Lehr, et al. vs. City of Sacramento, et al.;* USDC-East. Dist. # 2:07-CV-01565 MCE GGH

WHEREAS, plaintiffs ANTHONY LEHR, CONNIE HOPSON, FLOYD HOPWOOD, JACKI FITZGERALD, JEREMY MCENTYRE, TAMMY JONES, MICHAEL MOORE, LINDSEY ALESSO, VALERIE DUFOUR, and RONALD HICKS (hereinafter collectively referred to as "Plaintiffs"), on behalf of themselves and on behalf of the Settlement Class as defined in the Stipulation of Settlement, by and through their attorney, Mark E. Merin of the Law Office of Mark E. Merin, and defendants, COUNTY OF SACRAMENTO, by and through its counsel, Terence J. Cassidy of the firm Porter Scott, have entered into a Stipulation of Settlement intending to resolve all claims raised against the COUNTY OF SACRAMENTO in this class action pending in this Court;

WHEREAS, the Stipulation of Settlement, together with the supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the pending above-captioned class action against settling Defendant COUNTY OF SACRAMENTO and Sheriff McGinness as well as individual COUNTY Rangers.

WHEREAS, the Court has before it and has reviewed the parties' Stipulated Motion for Preliminary Approval of Settlement of Class Action together with the Stipulation of Settlement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Stipulation of Settlement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both plaintiffs and defendant COUNTY, after mediation before Ann Schwing, an attorney with McDonough, Holland and Allen;

IT IS HEREBY ORDERED AS FOLLOWS:

**I.      PRELIMINARY APPROVAL OF SETTLEMENT**

1. The terms of the Stipulation of Settlement are hereby preliminarily approved and the class is preliminarily certified, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

2. The Court finds that Plaintiffs ANTHONY LEHR, CONNIE HOPSON, FLOYD HOPWOOD, JACKI FITZGERALD, JEREMY MCENTYRE, TAMMY JONES, MICHAEL MOORE, LINDSEY ALESSO, VALERIE DUFOUR, and RONALD HICKS are adequate class representatives for

the settlement class.

3. The Court further finds that plaintiffs' counsel Mark E. Merin of the Law Office of Mark E. Merin is adequate class counsel.

4. The Court approves the Notice of Proposed Settlement of Class Action Strip Search Case attached hereto as Exhibit A and further approves the method by which notice is proposed to be given.

5. If, pursuant to the terms of the Stipulation of Settlement, the settlement is not consummated, the preliminary approval of the Stipulation of Settlement and the preliminary certification of the class shall be void and the parties shall have reserved all of the rights to continue with any litigation or further mediation or settlement discussions.

6. The Bar Date, as defined in paragraph 2 of the Stipulation of Settlement shall be **February 18, 2010.**

## II. NOTICE TO SETTLEMENT CLASS MEMBERS, APPROVAL OF CLASS COUNSEL, AND EMPLOYMENT OF CLASS CLAIM ADMINISTRATOR

7. Counsel for the class ("class counsel") is as follows:

Mark E. Merin, Esq.
Law Office of Mark E. Merin
2001 P Street, Suite 100
Sacramento, CA 95811
(916) 443-6911 - Telephone
(916) 447-8336 – Facsimile

8. Counsel for defendants are as follows:

Terence J. Cassidy, Esq.
Porter Scott
350 University Avenue, Suite 200
Sacramento, CA 95825
(916) 929-1481 - Telephone
(916) 927-3706 - Facsimile

9. Class Claims Administrator is as follows:

Sacramento Homeless Organizing Committee ("SHOC")
P.O. Box 952
Sacramento, CA 95812
(916) 442-2156 – Telephone

-3-

ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT
*Anthony Lehr, et al. vs. City of Sacramento, et al.;* USDC-East. Dist. # 2:07-CV-01565 MCE GGH

10. On or before **December 10, 2009**, the Class Claims Administrator, acting with counsel for the parties, shall cause to be disseminated the Notice and Claim Form, substantially in the form attached hereto as Exhibits A and B, in the manner set forth in paragraphs 55 through 58 of the Stipulation of Settlement. Such summary notice as the parties agree will be published in accordance with the Stipulation of Settlement. Class members will have up to and including **February 18, 2010**, in which to object to this settlement or file claims. Prior to the Fairness Hearing, the Claims Administrator shall file and serve a sworn statement attesting to compliance with the provisions of this paragraph.

11. The notice to be provided as set forth in the Stipulation of Settlement is hereby found to be the best means practicable of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and of the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with applicable statutes and Constitution of the state of California, due process, the Constitution of the United States and all other applicable laws. The notices are accurate, objective, informative and provide class members with all of the necessary information to make an informed decision regarding their participation in the settlement and its fairness.

12. Counsel for the respective parties are authorized to retain Sacramento Homeless Organizing Committee ("SHOC"), P.O. Box 952, Sacramento, CA 95812, as Class Claims Administrator in accordance with the Stipulation of Settlement and this Order.

## III. REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

13. Any member of the Settlement Class who wishes to be excluded ("Opt Out") from the Settlement Class must send a written request for exclusion to the Court at the address indicated in the Notice, postmarked on or before the Bar Date. The request for exclusion shall fully comply with the requirements set forth in the Stipulation of Settlement. Members of the Settlement Class may not exclude themselves by filing requests for exclusions as a group or class, but must, in each instance, individually and personally execute a request for exclusion and timely transmit it to the Court.

14. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all of the terms and provisions of the Stipulation of Settlement, including but not limited to the releases, waivers, and covenants described in the Stipulation

-4-

of Settlement, whether or not such person objected to the settlement and whether or not such person made a claim under the terms of the Stipulation of Settlement.

## IV. THE FAIRNESS HEARING

15. A hearing on final approval, the "Fairness Hearing," is hereby scheduled to be held before this Court on **March 25, 2010,** at **2:00 p.m**., in Coutroom 7, to consider the fairness, reasonableness, and adequacy of the proposed settlement, the dismissal with prejudice of settling Defendant COUNTY OF SACRAMENTO with respect to the released parties herein, and the entry of final judgment with respect to settling Defendant COUNTY OF SACRAMENTO in the class action. The motion for final approval shall be filed no later than **March 5, 2010.**

16. The date and time of the Fairness Hearing shall be set forth in the Notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the settlement class other than that which may be issued by the Court.

17. Any person who does not elect to be excluded from the settlement class may, but need not, enter an appearance through his or her own attorney. Settlement class members who do not enter an appearance through their own attorneys will be represented by class counsel.

18. Any person who does not elect to be excluded from the settlement class may, but need not, submit comments or objections to the proposed settlement. Any class member may object to the proposed settlement, entry of the final order and judgment approving the settlement, and class counsels' application for fees and expenses by filing and serving a written objection.

19. Any class member making the objection (an "objector") must sign the objection personally. Any objection must state why the objector objects to the proposed settlement and provide the basis to support such position. If an objector intends to appear personally at the Fairness Hearing, the objector must include with the objection a notice of the objector's intent to appear at the hearing.

20. Objections, along with any notice of intent to appear, must be filed with the Court no later than **February 18, 2010**. If counsel is appearing on behalf of more than one class member, counsel must identify each such class member and each class member must have complied with the requirements of this order. The documents must be filed with the clerk of the Court at the following address: United States District Court, Eastern District of California, 501 I Street, Sacramento, California 95814.

21. Objections, along with any notice of intent to appear, must also be mailed to class counsel and counsel for defendants at the addresses listed below:

Counsel for the class ("class counsel") is as follows:

> Mark E. Merin, Esq.
> Law Office of Mark E. Merin
> 2001 P Street, Suite 100
> Sacramento, CA 95811
> (916) 443-6911 - Telephone
> (916) 447-8336 – Facsimile

Counsel for defendants are as follows:

> Terence J. Cassidy, Esq.
> Porter Scott
> 350 University Avenue, Suite 200
> Sacramento, CA 95825
> (916) 929-1481 - Telephone
> (916) 927-3706 - Facsimile

22. Only class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Fairness Hearing. Any class member who does not timely file and serve an objection in writing to the settlement, entry of final order and judgment, or to class counsels' application for fees and expenses, in accordance with the procedure set forth in the class notice and mandated in the order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

23. Persons wishing to be heard at the Fairness Hearing are required to file written comments or objections and indicate in their written comments or objections their intention to appear at the Fairness Hearing. Settlement class members need not appear at the hearing or take any other action to indicate their approval.

24. All members of the settlement class who do not personally and timely request to be excluded from the class are enjoined from proceeding against the settling Defendant COUNTY OF SACRAMENTO until such time as the Court renders a final decision regarding approval of the settlement and, if the settlement is approved, enters final judgment as to settling Defendant COUNTY OF SACRAMENTO as provided in the Stipulation of Settlement.

\\\
\\\

## V.  OTHER PROVISIONS

25. Upon approval of the settlement provided for in the Stipulation of Settlement, each and every term and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the force and effect of an order of this Court.

26. All reasonable costs incurred in notifying members of the settlement class as well as administering the Stipulation of Settlement shall be paid as set forth in the Stipulation of Settlement.

IT IS SO ORDERED.

DATED:  November 10, 2009

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT
*Anthony Lehr, et al. vs. City of Sacramento, et al.;* USDC-East. Dist. # 2:07-CV-01565 MCE GGH