UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANTHONY LEHR, et al.,

      Plaintiffs,

  v.

CITY OF SACRAMENTO, et al.,

      Defendants.

No. 2:07-cv-01565-MCE-GGH

**ORDER AND JUDGMENT OF DISMISSAL AS TO DEFENDANTS COUNTY OF SACRAMENTO**

This matter came on regularly for a Fairness Hearing on March 25, 2010.[1] Having considered the documents previously submitted by the parties, including the Stipulated Motion for Preliminary Approval of Provisional Settlement Class and Settlement of Class Action, together with the extensive exhibits attached thereto; the Application of Plaintiffs' Class Counsel for Award of Attorney Fees and Costs; The Parties' Joint Submission in Support of Final Approval of the Settlement; the arguments of counsel; and the submission from the Class Claims Administrator,

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 230(g).

1

1 **IT IS NOW ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

3   1.   On November 12, 2009, this Court entered its order preliminarily approving settlement of the above-captioned class action as between Plaintiffs, Defendant County of Sacramento, and individual County employees and/or officials also named as Defendants.[2]  Since entry of the Court's Preliminary Order, as set forth in the Stipulation of Settlement, and as proved to the satisfaction of the Court, the requisite notice of the Settlement, with opt-out and objection information, was posted in prominent places where homeless people gather in Sacramento County, including, but not limited to, the following: at locations within and around Loaves & Fishes, Francis House, and the charitable organizations maintaining shelters for homeless persons.  Notice of the Settlement along with approved claim forms were mailed out to persons requesting such a notice, or handed out at locations around Sacramento as required by the Order.  Both the published notice and the mailed notice specified that Claim Forms had to be delivered to the Claims Administrator, postmarked no later than February 18, 2010.

///
///
///
///
///

---

[2] The County of Sacramento and these individually named Defendants are hereinafter collectively referred to as the "Sacramento County Defendants" unless otherwise specified.

    2.   Both the published and mailed notices specified that any person choosing to object to the Settlement, either personally or through counsel, and who desired to appear at the Fairness Hearing, had to submit a Notice of Intention to appear, together with written arguments in support of any objection, by February 18, 2010.  No objections have been received by counsel or filed with the Court.

    3.   The Court is satisfied from all of the memoranda of law, declarations, and exhibits submitted to the Court, that the Stipulation of Settlement is fair, and the Court now finds for the reasons stated on the record at the hearing on March 25, 2010, that the Stipulation of Settlement is fair and finally approves it as such.  The Stipulation of Settlement is incorporated herein by this reference as if set out in full.

    4.   The "Settlement Class" means all of those persons who are members of the following defined class:  All persons whose property was confiscated and/or destroyed by Sacramento County Sheriffs, by Park Rangers, or by other County agents or employees from and including August 2, 2005, to date.

    5.   Persons who previously commenced civil litigation challenging the removal, confiscation and/or destruction of property by the County of Sacramento during the class period and have prevailed, settled or had their complaints denied on their merits, and persons who have given timely notice of their election to be excluded from the Settlement Class are not included in the Settlement Class.

///

///

6. All claims and complaints of the named Representative Plaintiffs, together with all persons in the Settlement Class, are now dismissed with prejudice as to all of the Released Persons, defined to include all Sacramento County Defendants and all of its officials, agents and employees.  Claims and complaints of such persons are now forever barred, and all Settlement Class Members are enjoined from asserting against any Released Persons any and all claims which the Settlement Class Members had, have, or may have in the future arising out of the facts alleged in the complaint.

7. Each Released Person is released from the claims which any Settlement Class Member has had or may in the future have against any such Released Persons arising out of the facts in the complaint.

8. This Court explicitly finds that the Stipulation of Settlement, which is now made final by this Judgment, was entered into in good faith, is fair and reasonable, and adequate, and is in the best interest of the Class.  The Court expressly finds the amount of attorney's fees and costs sought to be fair and reasonable and expressly approves payment to class counsel, Mark E. Merin of the Law Office of Mark E. Merin and Andrew C. Schwartz of the firm Casper, Meadows, Schwartz & Cook, in the amount of One Hundred Fifty Thousand Dollars ($150,000.00), as and for attorney fees and reimbursement of costs, for the representation of Settlement Class Members herein, to be paid as provided in the Stipulation of Settlement.

///

///

4

9. The Court further explicitly approves payment from the payment fund of a total of Twenty-Four Thousand Dollars ($24,000.00) to be distributed to the Representative Plaintiffs as specified in the Stipulation of Settlement.  The Court finds the amount is fair and adequate in view of the damages suffered by the Representative Plaintiffs and the efforts they expended in litigating this case in the three years from the time the original claim was filed.

10. Claims have been submitted and, in accordance with the claims processing procedure specified in the Stipulation of Settlement, will be reviewed, valued, and paid by the Claims Administrator from funds provided by the Defendants as soon as practicable following the effective date of this Judgment, meaning the date it is entered and becomes final, but in any event no later than thirty (30) days after notification by the Claims Administrator that they have evaluated all the claims received and are ready to disburse settlement.  Such Judgment will be deemed final only upon the expiration of the time to appeal or, if a notice of appeal is filed in this matter, upon exhaustion of all appeals and petitions for writ of certiorari.

11. The Court reserves continuing and exclusive jurisdiction over the parties in this action, including Defendants and all Settlement Class Members, to administer, supervise, construe and enforce the Settlement in accordance with the terms for the mutual benefit of all of the parties.

///
///
///

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF JOHN MCGINNESS, SACRAMENTO COUNTY PARK RANGER ANDERSON, SACRAMENTO COUNTY PARK RANGER MCELHENY, SACRAMENTO COUNTY PARK RANGER BENNETT, and SACRAMENTO COUNTY PARK RANGERS DOES 21 THROUGH 40 to this action are dismissed with prejudice and that judgment be and the same hereby is entered pursuant to the terms of this Order.  The City of Sacramento and the City Officers are the sole remaining Defendants in this class action case.

**IT IS SO ORDERED.**

Dated: March 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE