UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY LEHR et al.,                    No. 2:07-cv-01565-MCE-GGH

        Plaintiffs,

    v.                                          **ORDER**

CITY OF SACRAMENTO,

        Defendant.

----oo0oo----

    The Court is in receipt of Defendant's Motion to Preclude Plaintiffs from Asserting New Claims at Trial (ECF Nos. 143, 145), Plaintiffs' Opposition (ECF No. 144), and Defendant's subsequent Reply (ECF No. 146).  Specifically, Defendant requests that Plaintiffs be prohibited from presenting two new causes of action to the jury.  Plaintiffs wish to now add the following claims to their case based upon the rights established under Monell v. New York Dep't of Soc. Svcs., 436 U.S. 658 (1978):

///

///

///

1

(1) Defendant failed to adequately train its employees in violation of 42 U.S.C. § 1983; and (2) Defendant had a policy of inaction as it relates to homeless persons' property that represented a "deliberate indifference" to Plaintiffs' constitutional rights, in violation of 42 U.S.C. § 1983. Defendant argues that these claims should be excluded because they were never previously asserted by Plaintiffs, and are not included in any other documents, most importantly the Final Pretrial Order issued by this Court on April 6, 2011 (ECF No. 133).

This case was filed in 2007. Discovery was conducted, and as early as 2008, Defendant represented to Plaintiffs that they possessed no written policy regarding the disposal and storage of property as it related to homeless persons. Defendant continued to represent there was no written policy addressing this issue until just a few weeks ago. It was not until deposing additional witnesses added to Defendant's witness list in March 2011 that Plaintiffs learned that there is in fact a General Order of the Sacramento Police Department regarding the established "procedures for collecting and booking evidence and property" seized by the police. (See General Order, ECF No. 146-1, at 1.)

Plaintiffs argue that they could not have presented any of this information to the Court before the issuance of the Final Pretrial Order, since they only learned of the existence of this policy on April 15, 2011. Given this new information, Plaintiffs believe they should be entitled to present the issues of training and failure to follow their own written policies at trial.

///

///

1   In their reply, Defendant contends that during discovery,

2   Plaintiffs only requested policies that governed the storage and

3   disposal of homeless property, and argue that somehow, the General

4   Order does not fit that exact description.

5       Pursuant to Federal Rule of Civil Procedure 16(e), this Court

6   may modify a Final Pretrial Order "to prevent manifest injustice."

7   The Ninth Circuit has explicitly stated that a pretrial order

8   controls a case's "subsequent course of the action unless modified

9   by a showing of good cause."  El-Hakem v. BJY, Inc., 415 F.3d 1068,

10  1077 (9th Cir. 2005) (internal citations omitted).  Theories or

11  evidence not at least implicitly included in a pretrial order

12  should be barred "unless the order is first modified to prevent

13  manifest injustice."  DP Aviation v. Smiths Industries Aerospace &

14  Defense Systems, Ltd., 268 F.3d 829, 841 (9th Cir. 2001) (internal

15  citations omitted).

16      Based upon the parties' assertions, the Court finds it would

17  be a manifest injustice to proceed to trial without giving

18  Plaintiffs an opportunity to present these additional causes of

19  action.  The Court is unpersuaded by Defendant's assertions that

20  they never produced the General Order regarding evidence and

21  property because it did not specifically relate to homeless

22  individuals and their property.  Presumably, property is property,

23  regardless of whom the Sacramento Police Department obtains it

24  from, and the General Order would apply.

25  ///

26  ///

27  ///

28  ///

1    Therefore, Defendant's Motion to Exclude New Claims at Trial

2    (ECF No. 145) is DENIED.  Plaintiffs may assert these two new

3    claims at trial.  A Modified Final Pretrial Order including

4    Plaintiffs' additional assertions will be issued forthwith.  The

5    trial is confirmed for May 9, 2011 at 9:00 a.m. in Courtroom 7.

6    IT IS SO ORDERED.

7  Dated: May 5, 2011

8

9                              _____

10                             MORRISON C. ENGLAND, JR.
                               UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28