Mark E. Merin (State Bar No. 043849)
Cathleen A. Williams (State Bar No. 068029)
**LAW OFFICE OF MARK E. MERIN**
1010 F Street, Suite 300
Sacramento, California  95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:          mark@markmerin.com
                     cathleen@markmerin.com

Attorneys for Plaintiffs

Eileen M. Teichert, City Attorney (State Bar No. 167027)
Chance L. Trimm, Senior Deputy City Attorney (State Bar No. 139982)
CITY OF SACRAMENTO
Mailing:  P.O. Box 1948, Sacramento, CA 95812-1948
Office:   915 I Street, 4th Floor, Sacramento, CA 95814
Telephone:     (916) 808-5346
Telecopier:     (916) 808-7455
E-Mail:          ctrimm@cityofsacramento.org

Attorneys for Defendant
CITY OF SACRAMENTO

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEHR, et al.,<br><br>                    Plaintiffs,<br>vs.<br><br>CITY OF SACRAMENTO,<br><br>                    Defendant. | Case No.  2:07-CV-01565 MCE GGH<br><br>**STIPULATION TO RESOLVE DAMAGES PORTION OF TRIAL; ORDER THEREON**<br><br>**DATE**:   March 15, 2012<br>**TIME**:    10:00 a.m.<br>**CTRM**:  7, 14th Floor<br>**JUDGE**: Hon. Morrison C. England, Jr. |

## STIPULATION TO RESOLVE DAMAGES PORTION OF TRIAL

### I.      RECITALS

The Complaint in this matter was filed on August 2, 2007, against the County of Sacramento and certain of its agents and employees and the City of Sacramento and certain of its agents and employees and alleged that Defendants seized and destroyed property of homeless persons without providing notice of how the property could be recovered if, in fact, it was not destroyed, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

1

The matter was certified to proceed as a class action on August 21, 2009.  Plaintiffs and the Sacramento County defendants negotiated a settlement of plaintiffs' claims against the County and the Court gave its preliminary approval of a provisional Settlement Class and Settlement of the Class Action on November 12, 2009, and its final approval on March 29, 2010, at which time judgment of dismissal was entered as to the County of Sacramento Defendants.

The remaining parties continued to litigate the matter through a jury trial on the question of liability and on May 24, 2011, the jury returned a special verdict in favor of Plaintiffs.  After the City's appeal of the verdict was dismissed by the Ninth Circuit Court of Appeals, the matter was placed on the District Court's calendar for a Case Management Conference to address how the damages portion of the trial would be resolved.

Prior to appearing at the Case Management Conference counsel for the respective parties met and negotiated the outlines of a method to resolve the damages claims and this Stipulation encapsulates that agreement.

NOW, THEREFORE, IT IS STIPULATED AND AGREED, AS FOLLOWS:

## II.   DEFINITIONS

1.     "Administrator" means Gilardi & Co., LLC, P.O. Box 8060, San Rafael, CA 94912-8060, which company will provide notice to the members of the class and make claim forms available to be completed and returned to the Administrator which shall thereupon process the claim forms in accordance with the terms of this Stipulation.  Upon certification of the Claims as provided herein, the Administrator will distribute payments to Class members whose claims were approved for payment.

2.     The "Bar Date" is June 8, 2012.  That is the date by which class members who wish to submit a claim and receive payment pursuant to the terms of this Stipulation must mail or deliver his/her Claim form.  Claims not post marked or received by the Claims Administrator by the Bar Date will be declared "untimely" and be entitled to no payment and claims by such persons will be forever barred.

3.     "Claim Form" is the form required to be used to make a claim for payment under this Stipulation for loss.  A copy of the proposed Claim Form is attached hereto as Exhibit 2.

4.     "Class Counsel" means the Law Office of Mark E. Merin, 1010 F Street, Suite 300,

Sacramento, CA 95814.

5.      "Class Notice" means the notice in the form attached hereto as Exhibit 3 to be distributed, posted, published in newspapers serving Sacramento County and disseminated in ways designed to reach the class members.

6.      The "Class Period" is August 2, 2005, through and including the Bar Date.

7.      The "Claimants" means all of those persons who, while homeless during the Class Period, suffered the loss of personal property as a result of it being taken by Sacramento City Police, and/or Sacramento City agents or employees, and who did not recover such property.

8.      "Special Master" means Retired U.S. District Court Judge, Raul Ramirez who shall have power to make all decisions in all matters relating to the administration and enforcement of this Stipulation, and to resolve all disputes between the Parties pertaining to the Stipulation of Settlement. The Special Master's decision concerning any aspect of all claims submitted, including whether such claim is "standard" or "significant," shall be final.

Notwithstanding this Stipulation, the City of Sacramento and its agents and employees deny all allegations of wrong doing and deny any liability to claimants.  The parties have stipulated to the procedures by which claimants may file their claims and receive payments in stipulated amounts to avoid long and costly litigation of the damages portion of this trial and to avoid incurring additional legal fees and expenses incident to the trial of such claims.  The parties expressly agree that, despite stipulation to the payment of the claims timely submitted, upon entry of judgment, the defendant City of Sacramento shall have the right to file appropriate appeals of any appealable orders or judgment.

### III.    TERMS AND EFFECT OF STIPULATION

9.      The Claimants who comply with the requirements set forth in this Stipulation will be paid specified sums determined by the procedures set forth herein in full satisfaction of all of their claims.

10.     This Stipulation, and the payouts pursuant to this Stipulation to qualified Claimants filing timely claims, resolves in full all claims against Defendant City of Sacramento and all of its agents, officials and employees by representative plaintiffs and Claimants and, unless reversed on appeal and remanded for further proceedings, is final and binding and includes all of their claims for violation of

3

their rights which are alleged or could have been alleged in the Complaint for Damages filed in Case No 2:07-CV-01565 MCE GGH.

11.     The parties agree that the Court, by approving and ordering this Stipulation, nonetheless retains jurisdiction to make final and binding determinations of any matters relating to disputes other than those submitted to the Special Master for a final and binding decision.

12.     This Stipulation contains all of the terms and conditions agreed upon by the Parties hereto regarding the subject matter of the resolution of damage claims and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation shall be deemed to exist or to bind the Parties hereto, or to vary the terms and conditions contained herein, except as expressly provided herein.

13.     This Stipulation is subject to and conditioned upon the final approval of the Court. Defendant City of Sacramento may apply for entry of final judgment once all funds necessary to pay all claims provided in this Stipulation have been distributed to the Claims Administrator.

## IV.     RESOLUTION AND PAYMENT OF CLAIMS FOR DAMAGES

14.     The Parties have agreed that certain sums will be paid by or on behalf of the City of Sacramento to resolve all claims of the representative Plaintiffs and the Claimants.

15.     "Standard Claims" shall include all claims for loss of tents, sleeping bags, packs, clothes, food, stoves, flashlights and other personal property items typically associated with outdoor camping, will receive a payment of $400; "Significant Claims" shall include claims that, in addition to the loss of outdoor camping items as defined under "Standard Claims," also include loss of items with unique sentimental value, prescription medications, bicycles, carts or other personal property of more significant value, not typically associated with outdoor camping, will receive $750.

## V.     PROCEDURE FOR RECEIVING PAYMENT UNDER THIS STIPULATION

16.     Claimants will be given until the Bar Date to submit Claim Forms under penalty of perjury.  Depending upon the information provided in response to questions in the Claim Form, Claimants who lost property during the Class Period will receive either $400 or $750 for each claim, as

4

determined preliminarily by the Claims Administrator subject to review by counsel for the Parties and binding resolution by the Special Master, should counsel for the Parties not agree, within 15 days of their review of the Administrator's preliminary determination.

17.    Any Class Member who fails to submit a Claim Form completed in accordance with the instructions contained therein by the Bar Date shall be forever barred from receiving any payment pursuant to the terms of this Stipulation.  Such Class Member shall, in all other respects, be bound by all of the terms and conditions of this Stipulation.

## VI.    CLAIM PROCEDURES

18.    To receive payment a Class Member shall be required to submit to the Claims Administrator executed Claim Forms, signed under penalty of perjury.

19.    The Claim Forms may be personally delivered to the Claims Administrator and/or submitted by First Class Mail and shall be deemed submitted either upon the date of postmark thereon or by the date of receipt, if hand-delivered.

20.    The Claim Forms will be reviewed by the Claims Administrator within 20 days of the Bar Date and a preliminary determination made as to whether the Claimant qualifies for a payment and, if so, whether the payment will be $400 for a standard claim or $750 for a significant claim.

21.    Within 15 days of their receipt of the Claims Administrator's preliminary determination, counsel for the Parties will meet to review any disagreements they have with the Claims Administrator's preliminary determination.  If counsel for the Parties cannot agree as to any particular determination made by the Claims Administrator, within 5 days of such disagreement, the Parties shall present to the Special Master copies of all claims as to which there is disagreement with a short statement of their respective positions on the level of compensation.

22.    The decision of the Special Master, whose determination is final and binding as to the valuation of "Standard" and "Significant" claims, shall be presented to the Claims Administrator, with copies to counsel for the Parties, within 15 days of the disputed claims being provided to him.

23.    Within 15 days of agreement on the valuation of the "Standard" and "Significant" claims, the City shall forward to the Claims Administrator its check in an amount sufficient to compensate all of

the claimants whose claims have been approved.

24.     As soon as practicable following receipt of funds from the City of Sacramento for payment of claims, the Claims Administrator shall prepare checks and distribute the funds to the Claimants.

## VII.    PAYMENT TO REPRESENTATIVE PLAINTIFFS

25.     Within 30 days of the approval by the Court of this Stipulation, the City shall issue its checks for payment to the representative plaintiffs, CONNIE HOPSON and LINDA MCKINLEY, in the amount of $2,000 for HOPSON and $4,000 for MCKINLEY and shall deliver such checks to Class Counsel for forwarding to the representative plaintiffs.

## VIII.   NOTICE OF INTENDED SEUZURE AND STORAGE OF PROPERTY

26.     Within 15 days of the court's approval of this Stipulation, Defendant City will deposit any and all property of homeless or unidentified persons it confiscates or removes from any site within the City of Sacramento into the Sacramento Police Evidence & Property Section at 555 Sequoia Pacific Boulevard, Sacramento, CA 95811, from where it can be retrieved by its owners or their designated representatives at any time during a 90 day period following its seizure.

27.     Following removal of property from any location where homeless persons have camped, stayed, or left property subject to seizure (and no less than 48 hours after an initial notice has been left at the place where the property is located) the City will leave notices informing persons who may own the property seized the location to which it has been taken and the procedures to be used to reclaim and recover the property.  The notice shall be in a form substantially similar to that attached hereto as Exhibit 4.  The property shall be bagged and tagged with date and location of confiscation.

## IX.    CLAIMS ADMINISTRATION

28.     Gilardi & Co., LLC, pursuant to a Memorandum of Agreement, a form of which is attached hereto as Exhibit 1, shall be designated the Claims Administrator responsible for administering this Stipulation.

29.     Within 15 days of the Court's approval of this Stipulation, the City will forward to Gildardi & Co., LLC, its check, in an amount to be determined, to cover all of the costs of Claims Administration, including posting the required notices and distributing, receiving, and evaluating the Claim Forms and discharging the duties set out in the Memorandum of Agreement with the City.

30.     Monthly, beginning with the month in which the Court approves this Stipulation, the Claims Administrator shall provide a detailed accounting of the use of the Claims Administration Funds to Counsel for the Parties.  When all claims have been paid and the work of the Claims Administrator completed, the balance of funds on deposit with the Claims Administrator for claims administration will be delivered to the City of Sacramento.

## X.     NOTICE

31.     Notice to Claimants, as defined in Paragraph 7 of this Stipulation, of their opportunity to obtain and submit Claim Forms shall be provided as follows:  by posting notices in a form substantially similar to that attached hereto as Exhibit 3, in prominent places where homeless people gather in the City of Sacramento, including, but not limited to, the following: at locations within and around Loaves & Fishes, Francis House, and the charitable organizations maintaining shelters for homeless persons.  The notices shall be maintained by the Claims Administrator who shall ensure that the postings remain prominently displayed up to and including the Bar Date.

32.     Additionally, notice shall be published in the Sacramento News & Review, Homeward and such additional free publications within Sacramento as the Claims Administrator may deem advisable.

33.     Notice shall also be mailed to the last know address of all class members who contacted the Law Office of Mark E. Merin, provided a list of such persons is provided to the Claims Administrator, with copies to counsel for the City of Sacramento.

## XI.     CLAIM FORMS

34.     Claim Forms, in the form attached hereto as Exhibit 2, shall be available throughout the entire course of the claims period, up to and including the Bar Date, at least at the following locations: Friendship Park within Loaves & Fishes; office of Loaves & Fishes; Francis House; office of the Claims

7

Administrator; office of the Class Counsel; and at such other and additional places as the Claims Administrator may determine to be appropriate.

35.     The Claims Administrator shall create and maintain a website from which a Claim Form may be downloaded and shall maintain a telephone number which persons may call to request Claim Forms.  Claim forms may be submitted by Class Counsel on behalf of persons who testified at the trial of this matter or at their depositions prior to trial that they lost property.  All such Claims submitted by Class Counsel will be compensated at the level of "Standard" Claims.

## XII.     ADMINISTRATIVE COSTS

36.     All reasonable costs incurred in the administration of this Stipulation, including but not limited to, the fees of the Claims Administrator, costs of disseminating notice to Claimants, publication of notices, costs of producing notices to be posted, cost of printing distributing, reviewing and evaluating claims, including the cost of distribution of the monetary payments to the Claimants, fees of the Special Master for services rendered in connection with his duties, and any other additional ancillary administration fees, will be paid up to the total amount of $100,000 allocated for these expenses.

37.     Monthly reports from the Claims Administrator shall indicate the dates upon which services were performed, the names of the individuals performing the services, the number of hours worked by each person on each date, the hourly rate for each such person, and the total fee for services performed.  The rates will be in accordance with the written agreement between the Parties and the Claims Administrator.

## XIII.   ATTORNEYS FEES AND COSTS

38.     Judgment may be entered within 60 days of the Bar Date, provided that funds sufficient to pay all approved claims have been deposited by the City with the Claims Administrator.  Irrespective of whether judgment has been entered, no less than 60 days from the Bar Date, class counsel may file a noticed motion for payment of attorneys fees and costs.

SO STIPULATED.

1   DATED:                          LAW OFFICE OF MARK E. MERIN

2
                                        /s/ "Mark E. Merin"
3                                   By: _____
                                        Mark E. Merin
4                                       Cathleen A. Williams
                                        Attorneys for Plaintiffs
5
6   DATED:                          EILEEN M. TEICHERT, City Attorney
                                    CHANCE L. TRIMM, Senior Deputy City Attorney
7

8                                       /s/ "Chance L. Trimm"
                                    By: _____
9                                       Chance L. Trimm
                                        Attorney for Defendant
10                                      CITY OF SACRAMENTO

11
            IT IS SO ORDERED.
12

13
    Dated:  March 8, 2012
14

15                                  _____
                                    MORRISON C. ENGLAND, JR
16                                  UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28